IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LA TARJETA TELEFONICA,

   Plaintiff,

   v.                                CIVIL NO. 02-2300 (RLA)

TELECORP COMMUNICATIONS, INC.,
et al.,

   Defendants.

**ORDER DISMISSING CLAIMS ASSERTED AGAINST
TELECORP PCS, INC., SUNCOM, INC., AND ATT, INC. AND
TRANSFERRING ACTION AGAINST TELECORP COMMUNICATIONS
TO THE EASTERN DISTRICT OF VIRGINIA - ALEXANDRIA DIVISION**

Defendants have moved the court to dismiss the instant complaint on three alternate grounds. Initially, defendants argue that service of process was inadequate and that the complaint fails to state a colorable claim. In the alternative, defendants contend that this controversy should be resolved in the Commonwealth of Virginia, as per the parties' agreement on forum selection.

The court having reviewed the arguments of the parties hereby rules as follows.

**BACKGROUND**

The dispute currently before us arises from a series of agreements entered into between plaintiff, LA TARJETA TELEFONICA ("LTT"), and TELECORP COMMUNICATIONS, INC. ("TC") for the period commencing on December 6, 1999 through April 7, 2000 whereby LTT would purchase from TC prepaid Personal Communication Services

**CIVIL NO. 02-2300 (RLA)** **Page 2**

("PCS") cards and re-sell them to retail and end-users in Puerto Rico.

Named defendants are: (1) TC, (2) TELECORP PCS, INC., (3) SUNCOM, INC., (4) ATT, INC. and other unknown entities.

According to the complaint, TC engaged in unlawful price discrimination in contravention of the Puerto Rico antitrust statute, 10 P.R. Laws Ann. § 263(a) (2004) by granting other retailers more favorable price terms than those provided for in the contracts entered into with plaintiff.

The initial agreement entered into between plaintiff and TC in December 1999 specifically provided that the contract would be governed by Virginia law. It also contained a forum selection clause designating Virginia as the venue for any action "relating to" this original agreement. In pertinent part, the document reads:

> The validity, interpretation and construction of this Agreement shall be governed by and construed in accordance with the laws of the United States of America and the Commonwealth of Virginia. Both Parties agree that the courts of the Commonwealth of Virginia shall be the sole site of venue for actions relating to this Agreement and they hereby consent to jurisdiction therein.

Original agreement ¶ 8.

On March 29, 2000 TC replaced the original agreement with a second agreement. Similarly, this contract provided for the

application of Virginia law and contained an identical forum selection clause.

Subsequently, on April 7, 2000 the parties amended the second agreement varying the price at which LTT could purchase the PCS cards from TC. All other terms of the previous agreement, including the forum selection clause, remained in full force an effect.

Plaintiff instituted this action in the Puerto Rico local court whereupon it was removed to this court upon defendants' petition.

### Service of Process

Service of process for all defendants was effected by delivering copy of the summons and complaint to JAIME PONTON, Manager Human Resources for TC at TC's offices in Hato Rey, Puerto Rico.

The validity of the service effected upon TC is contested based on the declaration of MR. PONTON attached to defendants' Motion to Dismiss (docket No. 13) wherein he states that he is "not an officer or director of [TC]... ha[s] no responsibility for managing the legal affairs of [his] employer [and has]... not now, nor [has]... ever been, authorized to receive service of process for TeleCorp Communications, Inc."

Rule 4(h)(1) Fed. R. Civ. P. provides two methods for effecting service of process upon defendant corporations. Plaintiffs may choose to deliver copy of the summons and complaint to "an officer, managing or general agent, or to any other agent authorized by appointment or by law to receive service of process" or may utilize the pertinent

**CIVIL NO. 02-2300 (RLA)** **Page 4**

mechanisms available under the law of the state in which the district court is located as per Rule 4(e)(1).

The Puerto Rico service of process provision mirrors the aforementioned federal rule.[1] However, the federal standard as to who may qualify as a managing or general agent may vary from that of a state depending on how the caselaw defines the term in that particular jurisdiction. Quiñones-Román v. Compañia ABC h/n/c Supermercado Pueblo, 152 D.P.R. 367 (2000). *See also*, 4A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure: Civil § 1103, pp. 569-70 (3rd ed. 2002) ("[I]n some instances, state law will permit service on a broader class of persons as agents of a corporation than is possible under the federal standard governing Rule 4(h)(1).")

The Puerto Rico Supreme Court has been liberal in its interpretation of who may be deemed a managing agent for purposes of the rule. In Quiñones-Román it was held that despite defendant's allegations that the local supermarket manager who was served was only involved in the operations of the particular supermarket where the accident giving rise to the litigation had taken place and was not a corporate managing or general agent or otherwise authorized to

---

[1] In pertinent part, Rule 4(e) P.R. Civ. P., 32 Laws of P.R. Ann. App.III (2000) requires that service upon a corporation be effected "by delivering a copy of the summons and of the complaint to an officer, managing or general agent, or to any other agent authorized by appointment or designated by law to receive service of process."

**CIVIL NO. 02-2300 (RLA)** **Page 5**

receive service of process by the defendant corporation, service was proper. According to the Supreme Court, what is truly important for a person to qualify as a managing agent or a person qualified to receive the summons and complaint is that the employee be in a position of sufficient responsibility to reasonably assume that he will transmit the summons and complaint to his superiors.

According to the record before us, MR. PONTON worked at the TC's offices in Puerto Rico as Manager Human Resources, a position of managerial status. His rank at the office may be also inferred from the fact that he was the individual called by the receptionist to meet with the process server who came by the office to effect service of process. We find that despite defendant's claims regarding the fact that he had no delegated authority to receive the summons MR. PONTON was in a position of sufficient responsibility to reasonably assume that he would relay the court documents to his superiors which in effect he did.

As to the remaining defendants, according to the uncontested evidence TELECORP PCS, INC. is headquartered in the Commonwealth of Virginia and conducts no business in Puerto Rico. This defendant was not a party to the agreements entered into with plaintiff herein nor are there any allegations in the complaint of any actionable conduct on its part. Further, SUNCOM is not a legal entity but merely a brand name under which TC sells products and services in Puerto Rico. Lastly, ATT, INC., assuming such an entity exists, is not affiliated

**CIVIL NO. 02-2300 (RLA)**                                                                 **Page 6**

in any way with codefendant TC. It is also uncontested that MR. PONTON has no relationship with any of these other entities nor has he been authorized to receive service of process on their behalf.

Accordingly, we find that service upon TC was adequate but not as to the other named defendants, i.e., SUNCOM, TELECORP PCS, INC. and ATT, INC.

### Failure to State a Claim

In disposing of motions to dismiss pursuant to Rule 12(b)(6) Fed. R. Civ. P. the court will accept all factual allegations as true and will make all reasonable inferences in plaintiff's favor. Campagna v. Mass. Dep't of Env't Prot., 334 F.3d 150, 154 (1st Cir. 2003); In re Colonial Mortgage Bankers Corp., 324 F.3d 12, 15 (1st Cir. 2003); Frazier v. Fairhaven School Com., 276 F.3d 52, 56 (1st Cir. 2002); Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001); Berezin v. Regency Sav. Bank, 234 F.3d 68, 70 (1st Cir. 2000); Tompkins v. United Healthcare of New England, Inc., 203 F.3d 90, 92 (1st Cir. 2000).

Our scope of review under this provision is a narrow one. Dismissal will only be granted if after having taken all well-pleaded allegations in the complaint as true, the Court finds that plaintiff is not entitled to relief under any theory. Asoc. de Educación Privada de P.R. v. Echevarría, 385 F.3d 81, 85 (1st Cir. 2004); Campagna, 334 F.3d at 154; In re Colonial Mortgage, 324 F.3d at 15; Brown v. Hot, Sexy and Safer Prods., Inc., 68 F.3d 525, 530 (1st Cir.

**CIVIL NO. 02-2300 (RLA)**                                             **Page 7**

1995) cert. denied 116 S.Ct. 1044 (1996); Vartanian v. Monsanto Co., 14 F.3d 697, 700 (1st Cir. 1994). Further, our role is to examine the complaint to determine whether plaintiff has adduced sufficient facts to state a cognizable cause of action. Alternative Energy, 267 F.3d at 36. The complaint will be dismissed if the court finds that under the facts as pleaded plaintiff may not prevail on any possible theory. Berezin, 234 F.3d at 70; Tompkins, 203 F.3d at 93. That it, there is no possible relief available "under any set of facts that could be proved consistent with the allegations." Peña-Borrero v. Estremeda, 365 F.3d 7, 11 (1st Cir. 2004) (citations and internal quotation marks omitted).

When disposing of a motion to dismiss under Rule (12)(b)(6) the court may look at matters outside the pleadings which have been "fairly incorporated within it and matters susceptible to judicial notice" without converting it into a summary judgment petition. In re Colonial Mortgage, 324 F.3d at 15. In other words, in cases where "'a complaint's factual allegations are expressly linked to - and admittedly dependent upon - a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6).'" Perry v. New England Bus. Serv., Inc., 347 F.3d 343, 345 n.2 (citing Beddall v. State St. Bank and Trust Co., 137 F.3d 12, 17 (1st Cir. 1998). Accordingly, it is proper for the

**CIVIL NO. 02-2300 (RLA)** Page 8

court to review the terms of the pertinent contracts to dispose of the issue at hand.

The complaint asserts a single claim for price discrimination under § 263(a) of the Puerto Rico antitrust statute which, in pertinent part reads:

> It shall be unlawful for any person... to discriminate in price between different purchasers of commodities of like grade and quality... where the effect of such discrimination may be substantially to lessen competition or tend to create a monopoly in any competition with any person who either grants or knowingly receives the benefit of such discrimination, or with customers of either of them.

Defendants contend that the complaint is deficient in that no specific allegation is made regarding the negative effects of the alleged discrimination in price as provided for in the aforementioned statute, i.e., "substantially lessen competition or tend to create a monopoly".[2]

Inasmuch as the Puerto Rico antitrust act follows sec. 2(a) of the Clayton Act as amended by the Robinson-Patman Act, 15 U.S.C. § 13(a), we may look at federal decisions construing this provision

---

[2] In its Opposition (docket No. 14) pp. 3-4, LTT makes reference to an unsworn statement which was not submitted to the court for consideration. *See*, Notice of Filing of Dispositive Motion Together with Responses (docket No. 11) ¶ 2 specifically indicating that no attachments accompanying plaintiff's motion were filed.

**CIVIL NO. 02-2300 (RLA)**                                                **Page 9**

as precedent. "This statute was patterned after, and in all material respects is identical to Section 2(a) of Clayton Act, as amended by the Robinson-Patman Act, 15, U.S.C. Sec. 13(a). Accordingly, federal precedents construing the Robinson-Patman Act are applicable to the interpretation of Section 263." Whirlpool Corp. v. U.M.C.O. Int'l Corp., 748 F.Supp. 1557, 1565 (S.D.Fla. 1990).

Hence, in order to establish a price discrimination claim in this case plaintiff must prove: (1) price difference; (2) in at least two contemporaneous sales by the same seller; (3) of commodities of the same grade and quality; (4) which may substantially affect competition. *See*, Texaco, Inc. v. Hasbrouck, 496 U.S. 593, 556, 110 S.Ct. 2535, 110 L.Ed.2d 492 (1990); Hoover Color Corp. v. Bayer Corp., 199 F.3d 160, 163 (4th Cir. 1999); Walpa Constr. Corp. v. Mobile Paint Mfg. Co., Inc., 701 F.Supp. 23, 27 (D.P.R. 1988).

"'[P]rice discrimination... is merely a price difference.'" Texaco, 496 U.S. at 558 (citing F.T.C. v. Anheuser-Busch, Inc., 363 U.S. 536, 549, 80 S.Ct. 1267, 4 L.Ed.2d 1385 (1960)); Coastal Fuels of Puerto Rico, Inc. v. Caribbean Petroleum Corp., 79 F.3d 182, 188 (1st Cir. 1996).

Actual harm is not required by the statute. FTC v. Morton Salt Co., 334 U.S. 37, 46-47, 68 S.Ct. 822, 92 L.Ed.2d 1196 (1948). Rather, "plaintiff must show... a reasonable possibility that a price difference may harm competition." Falls City Indus., Inc. v. Vanco Beverage, Inc., 460 U.S. 428, 434-35, 103 S.Ct. 1282, 75 L.Ed.2d 174

**CIVIL NO. 02-2300 (RLA)**                                              **Page 10**

(1983). Further, "an injury to competition may be inferred from evidence that some purchasers had to pay their supplier 'substantially more for their goods than their competitors had to pay.'" Texaco, 496 U.S. at 559 (citing FTC v. Morton Salt Co., 334 U.S. at 46-47)). "A pair of sales at different prices makes out a *prima facie* case." Coastal Fuels, 79 F.3d at 188; Hoover, 199 F.3d at 163.

Two distinct violations may occur as a result of discriminatory pricing depending on the level at which the competition is affected. "Primary line violations are directed at injuring competition with the discriminating seller's direct competitors, whereas secondary line violations are directed at injuring competition among the discriminating seller's customers." Able Sales co., Inc. v. Compañia de Azúcar de P.R., 406 F.3d 56, 60 (1st Cir. 2005); Coastal Fuels, 79 F.3d at 188.

According to the complaint, in the original agreement plaintiff was allowed a maximum 15% discount while PRE SOLUTIONS, another competitor, was given 18%.[3] The second agreement provided for a 15% discount to plaintiff on the printed value of the cards for annual sales under $2 million dollars and 20% for annual sales of over $2 million dollars. In the April 2000 contract revision the terms for qualifying for the discount became more onerous for plaintiff. TC was granted a 18% maximum discount conditioned upon the sale of 25,000

---

[3] Complaint ¶ 17.

**CIVIL NO. 02-2300 (RLA)**                                                                 **Page 11**

cards per month regardless of their printed value. At the same time at least one of plaintiff's competitors, INNOVATIVE SOLUTIONS, INC., was receiving a 20% discount for annual sales of more than $2 million dollars without the requisite minimum monthly sales.[4]

Upon reviewing the complaint we find that plaintiff has complied with the threshold pleading requirements under Rule 12(b)(6) contrary to the situation present in <u>Walpa</u> which was cited by defendants in support of their position and where the court found the pleadings too vague and conclusory. In this case plaintiff has sufficiently alleged the possibility of competitive harm in contravention of § 263(a) in that the difference in the discount in price offered plaintiff as opposed to its competitors INNOVATIVE SOLUTIONS and PRE SOLUTIONS may be construed as to put LTT at a significant competitive disadvantage.

Lastly, as defendants correctly point out, there is not a single allegation in the entire pleading which even remotely suggests that either TELECORP PSC, ATT, INC. and/or SUNCOM engaged in the sale of commodities and/or in price discrimination against plaintiff herein. All factual allegations regarding local antitrust violations are addressed exclusively against TC. As a matter of fact, plaintiff did not even address this argument in response to defendants' motion to dismiss.

Accordingly, dismissal of these named defendants is warranted under the provisions of Rule 12(b)(6).

---

[4] Complaint ¶¶ 29 and 36.

**CIVIL NO. 02-2300 (RLA)**                                                        **Page 12**

### Forum Selection Clause

"The prevailing view towards contractual forum-selection clause is that 'such clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances.'" Silva v. Encyclopedia Britannica, Inc., 239 F.3d 385, 386 (1st Cir. 2001) (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)); In re Mercurio, 402 F.3d 62, 64 (1st Cir. 2005); Miro Gonzalez v. Avatar Realty, Inc., 177 F.Supp.2d 101, 103 (D.P.R. 2001).

Plaintiff does not address the reasonableness of application of the contracted forum selection clause but merely rejects this provision as irrelevant. According to LTT, its claim "does not arise from the terms and condition of the contract" but from the difference in price given other competitors instead. This argument, however, is flawed. All contracts, including the last one, specifically provide that the forum selection stipulation applies to controversies "relating to" the parties' agreement not necessarily those arising thereunder. Because this suit involves the purportedly discriminatory price scheme applied to plaintiff, the anti-trust claim is evidently "relating to" the contract terms and hence, subject to the clause.

Plaintiff having failed to present evidence that enforcing the forum selection clause is unreasonable, defendants' request to compel compliance therewith is **GRANTED**.

**CIVIL NO. 02-2300 (RLA)** **Page 13**

**Conclusion**

Based on the foregoing, defendants' Motion to Dismiss (docket No. **12**)[5] is disposed of as follows:

The claims asserted against codefendants TELECORP PCS, INC., SUNCOM, INC., and ATT, INC. are hereby **DISMISSED**. Judgment shall be entered accordingly.

Service of process upon TC is found to have been adequately made.

Plaintiff has adequately pled a claim under § 263(a).

The remaining action asserted against TC is hereby **TRANSFERRED** to the Eastern District of Virginia, Alexandria Division,[6] pursuant to the provisions of 28 U.S.C. § 1404(a).

IT IS SO ORDERED.

San Juan, Puerto Rico, this 20th day of April, 2006.

                                          S/Raymond L. Acosta
                                          RAYMOND L. ACOSTA
                                    United States District Judge

---

[5] *See also*, Opposition (docket No. **14**) and Reply (docket No. **15**).

[6] According to the contracts filed with the court TC's main offices are located in Arlington, Virginia.